UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re: Tiffany Recinos | CASE NO. 3:23-mc-5021-BHS |
| | VEXATIOUS LITIGANT BAR ORDER |

THIS MATTER is before the Court on its own motion. On December 1, 2023, the Court notified pro se litigant Tiffany Recinos of is intent to enter a Bar Order finding her to be a serial, vexatious litigant, precluding her from continuing to inundate this District with frivolous, repetitive, and abusive lawsuits. A copy of the Court's Order was filed in each of the 37 cases Recinos had at that time filed in this District, this year. A copy is attached to this Order as Appendix A.

Recinos filed a Response the same day, stating she was *not* a vexatious litigant, and claiming that someone "stole" her class action settlement without her knowledge. *See Recinos v. Washington State Insurance Comm'r*, Cause No. 23-cv-5097 BHS, at Dkt.

281. Since then, Recinos has filed six additional cases, five[1] of which have been

dismissed as facially without merit. Recinos has not shown cause why a Bar Order should

not be entered. She has instead demonstrated why such an Order is not only warranted,

but required.

For the reasons articulated in the Court's prior Order, and based on Recinos's

actions since that time, the Court ORDERS:

1) Pro se litigant Tiffany Recinos is prohibited from filing any pro se civil action in

   the Western District of Washington unless the complaint or petition is

   accompanied by an affidavit signed under penalty of perjury attesting and

   demonstrating that the complaint contains new allegations not previously litigated.

   Recinos may not proceed *in forma pauperis* in civil action without a showing that

   she is in imminent danger of serious bodily injury or death. Any proposed

   complaint or petition not accompanied by such an affidavit or a showing of

   imminent danger will not be filed. This is true whether Recinos pays a filing fee,

   or not.

2) The Clerk will initially file any of Recinos's future pro se complaints and/or *in

   forma pauperis* applications in this miscellaneous case. The Court will screen any

   claim Recinos seeks to commence to determine whether it shall be filed.

---

[1] One of Recinos's cases arguably suggested a viable IDEA or Rehabilitation Act claim, and the Court has provided her an opportunity to amend her complaint in that case. *See Recinos v. Washington*, Cause No. 23-cv-6069 BHS, at Dkt. 7. Recinos filed a frivolous motion for default in that case, Dkt. 8, but has yet to file an amended complaint. She has not paid the filing fee or been granted leave to proceed *in forma pauperis*. The remainder of Recinos's cases have been dismissed.

3)  The Clerk will not issue summonses in any pro se action Recinos attempts to file in this District without prior approval of the Court.

4)  The Court may dismiss any future pro se complaint, and deny any motions for *in forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined above, or is otherwise without merit, without issuing an order to show cause or permitting Recinos to file an amended complaint.

5)  This pre-filing screening will not apply to any filing made in this District where Recinos is represented by counsel. Any such complaint accompanied by a filing fee may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing that is facially frivolous.

6)  The Clerk shall file this Bar Order in each of the cases Recinos has filed in this District this year.

**IT IS SO ORDERED**.

Dated this 19th day of December, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3

# Appendix A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS

                    Plaintiff,

        v.

WASHINGTON STATE INSURANCE
COMMISSIONER

                    Defendant.

CASE NO. C23-5097 BHS

NOTICE OF INTENT TO ENTER
BAR ORDER

THIS MATTER is before the Court on its own motion. Pro se plaintiff Tiffany Recinos has filed 36 civil cases in this District since February 2023. Twenty-five of the cases have already been dismissed as duplicative, frivolous, or otherwise without merit. The 11 remaining cases are Recinos's most recent filings, and they appear to be similarly deficient as a matter of law. Each will be addressed in a separate order.

In the meantime, for the reasons discussed below, this Order informs Recinos of the Court's intention to enter an Order barring her from commencing similar vexatious litigation in this District.

# I.   PROCEDURAL HISTORY

This is a brief overview of each of the 25 cases Recinos has filed in this District this year that have been dismissed for failure to state a plausible claim:

1.      ***Recinos v. Washington State Insurance Commissioner***, *et al*., Cause No. 23-cv-5097 BHS, filed February 6, 2023. Recinos sued Washington Insurance Commissioner Mike Kreidler and her home insurer (Nationwide) following water damage to her home. Though her claims against the Commissioner were dismissed in March, Dkt. 90, Recinos steadily filed various motions, requests, notices, reports, affidavits, amendments, petitions, and other nonsensical and improper documents related to her claims against Commissioner Kreidler (and other non-parties). She made no effort to serve or otherwise pursue her claims against her insurer. The case was dismissed for failure to prosecute and to otherwise comply with Court Orders in September 2023. Dkt. 223.

2.      ***Recinos v. Washington State Insurance Commissioner, et al***., Cause No. 23-cv-5098 DGE, also filed February 6, 2023, asserting the same claims and making the same accusations against the same parties. Dkt. 1 in Cause No. 23-cv-5098 DGE. Four days—and one petition for writ of certiorari, one motion for review by the attorney general, one motion to dismiss removal, one proposed motion for a preliminary injunction, and one "unopposed motion for a bill of particulars"[2]—later, Chief Judge David Estudillo unremarkably dismissed this case without prejudice, as duplicative of the

---

[2] Dkts. 8, 9, 10, 13, and 14, respectively.

case above. Dkt. 16. Recinos nevertheless continued to file a barrage of motions, reports, affidavits, notices, and other documents over the next nine months. The United States Supreme Court unsurprisingly denied her petition for writ of certiorari in October, Dkt. 118, and on November 17, Recinos filed an untimely and improper notice of appeal to the Ninth Circuit. Dkt. 120.

   3. ***Recinos v. Maxim Healthcare Services, Inc., et al***., Cause No. 23-cv-5154 DGE, filed February 27, 2023. Recinos asserted that she was fired from her job as a nurse for refusing to get a COVID-19 vaccine. Chief Judge Estudillo adopted Magistrate Judge David Christel's Report and Recommendation (R&R), denied Recinos's application to proceed *in forma pauperis*, and dismissed the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkts. 9, 13, and 14. The Ninth Circuit dismissed her appeal for lack of jurisdiction. Dkt. 23. Recinos's appeal to the United States Supreme Court is apparently pending. Dkt. 24.

   4. ***Recinos v. Concerto Health Care***, Cause No. 23-cv-5155 RJB, filed February 27, 2023. Recinos asserted she was "screamed at" and fired for no reason. Judge Robert Bryan adopted Magistrate Judge Christel's R&R, denied Recinos's application to proceed *in forma pauperis*, and dismissed the case without prejudice and without leave to amend. Dkts. 9, 13, and 14. The Ninth Circuit dismissed Recinos's appeal in October. Dkt. 27. Recinos filed an additional notice of appeal on November 20, 2023. Dkt. 31.

   5. ***Recinos v. Commissioner of Social Security***, Cause No. 23-cv-5183 TLF, filed March 7, 2023. Recinos asserted, without any factual support, that the Social

1    Security Administration "denied her claim" for benefits. Dkt. 1-1. She was ordered to

2    show cause by March 28 why her application to proceed *in forma pauperis* should not be

3    denied. Dkt. 4 Recinos filed seven frivolous motions before she responded to the Court's

4    Order, on March 31. Dkts. 16, 25, 27, 28, 29, 30, 31 and 33. Magistrate Judge Theresa

5    Fricke[3] granted the defendant's motion to dismiss, Dkt. 59, in June. Dkts. 118 and 119.

6    Recinos continued to file motions for various relief, many of which were wholly

7    unrelated to her claims against the defendant. Dkts. 120, 122, 125, 127, 129, 131, 134,

8    136, 138, 141, 142, 145, 150, 1512, 155,169, 163, 165, 169, 174. Recinos also attempted

9    to appeal the case several times. Dkts. 200, 204, 205, 207, 213. The Ninth Circuit

10   dismissed her appeal on October 27, 2023. Dkt. 214. Recinos continued to file motions

11   and notices of appeal until November 17, 2023. Dkt. 224. The case remains closed.

12        6.      ***Recinos v. State of Washington, et al***., Cause No. 23-cv-5433 RSM, filed

13   May 11, 2023. Recinos sought $3.25 million because the state "conspired against the

14   plaintiff to steal child support, SSA allotments, back payments and all other hidden

15   funding that has been suppressed." Dkt. 1-2 at 3. Magistrate Judge Christel ordered

16   Recinos to show cause why the case should not be dismissed as duplicative of the case

17   immediately above. Dkt. 4. In response, Recinos filed her own motion to show cause.

18   Dkt. 5. In June, Judge Ricardo Martinez dismissed the case based on Recinos's failure to

19   respond. Dkt. 8. In October, Recinos filed an untimely notice of appeal. Dkt. 9.

20

21

22   _____

         [3] The parties consented to have the case heard by a Magistrate Judge. Dkt. 26.

7.     ***Recinos v. Board of Industrial Insurance Appeals and Judge Timothy Wakenshaw***, Cause No. 23-cv-5473 RSM, filed May 24, 2023. Recinos alleges Concerto and Maxim fired her because she was disabled and a medical liability, and Concerto wanted to avoid L&I claims. Recinos sought $3.25 million, and L&I benefits for the rest of her life. She also asked for Judge Wakenshaw to be terminated. Dkt. 1-1. Judge Martinez ordered Recinos to Show Cause why the court had jurisdiction and why her complaint should not be dismissed as frivolous. Dkt. 14. Recinos responded, Dkt. 16, and she also filed 21 additional motions, briefs, objections, exhibits, reports, and other documents, before Judge Martinez dismissed the case as frivolous in June. Dkt. 36. Recinos's filings continued unabated. Among many other requests, Recinos sought reconsideration, certiorari, and recusal, and informed the Court of her suspicions that all the courts were engaged in criminal activity. Dkts. 37, 53, 59, and 64. Many of her filings had nothing to do with her disability claim or her employment dispute. Judge Martinez ordered her to stop filing in this closed case, Dkt. 58, and she did not. She attempted to appeal the case to the Ninth Circuit in October and November. Dkts. 89, 90, 93, 96, 97, and 99.

8.     ***Recinos v. Equal Employment Opportunity Commission***, Cause No. 23-cv-0791 MJP, filed May 26, 2023. Recinos sought $3.25 million for "denying access to resources to help victimized workers to leave their abusive employers[.]" Dkt. 5 at 3. Over the next six weeks, Recinos filed some 30 motions, reports, amended complaints, exhibits, expert witness disclosures, objections, and surreplies, before she moved for a $30 million default judgement against Judge Marsha Pechman, "to be paid DIRECTLY

1  TO PLAINTIFF AND NO ONE ELSE PRETENDING TO BE ME OR RELATED TO

2  ME IN ANY WAY." Dkt. 36 at 1 and Dkt. 37. On July 17, Judge Pechman dismissed the

3  case without prejudice and with leave to file one more amended complaint stating a

4  plausible claim. Dkt. 40. Recinos filed a similarly deficient amended complaint, Dkt. 50,

5  along with 20 other motions, amendments, affidavits, reports, notices, and records. Judge

6  Pechman dismissed the case with prejudice and denied Recinos's pending motions as

7  moot on August 21. Dkt. 61. Recinos continued her filings, and ultimately attempted to

8  appeal on October 4. Dkt. 71.

9       9.    *Recinos v. Wakenshaw*, Cause No. 23-cv-5507 JNW, filed June 5, 2023.

10  Recinos sought $3.25 million, for damage done "by not correcting Labor and Industry

11  and Workers Compensation dealings." Dkt. 7 at 3. She moved to arraign Judge

12  Wakenshaw, Dkt. 9; to inspect jurisdictional history, Dkt. 13; for certiorari, Dkt. 14; to

13  enforce RCW Title 51, Dkt. 25; issued a "criminal activity alert," Dkt. 27; sought lifetime

14  vision coverage, Dkt. 34; and recusal, Dkt. 40. Judge Jamal Whitehead ordered her to

15  show cause why the case should not be dismissed as frivolous. Dkt. 51. Recinos filed 15

16  motions, letters, complaints, and other documents, but did not respond to the Order.

17  Judge Whitehead dismissed the case as frivolous in September, Dkt. 67, and Recinos

18  appealed in October. Dkt. 71. Judge Whitehead revoked Recinos's *in forma pauperis*

19  status. Dkt. 78.

20       10.    *Recinos v. Kreidler*, Cause No. 23-cv-5508 RJB, filed June 5, 2023.

21  Recinos sought $3.25 million, this time from Insurance Commissioner Kreidler, because

22  her "suffering was multiplied with procrastination." Dkt. 1-1 at 3. She asserted that

Kreidler was vicariously liable for her home insurer's failure to pay her water damage claim. Magistrate Judge Christel recommended that the Court dismiss the case as duplicative of her claims in *Recinos v. Washington State Insurance Commissioner*, *et al.*, Cause No. 23-cv-5097 BHS. Dkt. 4. In July, Judge Bryan adopted the R&R, denied leave to proceed *in forma pauperis*, and dismissed the case without prejudice. Dkt. 5. In October, Recinos appealed. Dkt. 9.

11. ***Recinos v. Recinos, et al***., Cause No. 23-cv-5546 RJB, filed June 16, 2023. Recinos sought $3.25 *b*illion from her former husband and various state entities because her inheritance was stolen. Dkt. 1-1 at 5. Magistrate Judge Fricke ordered Recinos to show cause why the case should not be dismissed as frivolous under 28 U.S.C. § 1915, or to file an amended complaint. Dkt. 7. Judge Fricke recommended that the Court dismiss the case, and Judge Bryan adopted her R&R in August. Dkt. 14. Recinos appealed in October, Dkt. 16, and the Ninth Circuit dismissed her appeal as untimely. Dkt. 19.

12. ***Recinos v. State of Washington and City of Orting***, Cause No. 23-cv-5568 BHS, filed June 27, 2023. Recinos sued in this Court regarding a traffic ticket her son received in Orting, asking the Court to remove the ticket from his record. Dkt. 1-1 at 3. Magistrate Judge Grady Leupold recommended the Court dismiss the case for failure to state a plausible claim. Dkt. 10. On September 14, this Court adopted the R&R, denied Recinos's application to proceed *in forma pauperis*, and dismissed the case without prejudice and without leave to amend. Dkts. 12 and 13. Recinos filed an untimely notice of appeal on October 16. Dkt. 14.

13.     ***Recinos v. Child Protective Services, et al***., Cause No. 23-cv-5581 MJP,

filed June 29, 2023. Recinos claimed her "inheritance was stolen before my murder was

attempted" by her "ex-husband and her mom." She sought $3.25 million. She also

claimed her 4 minor children were kidnapped by CPS. Dkt. 5 at 5–6. Judge Pechman

dismissed the case without prejudice for failure to state a claim, but permitted Recinos an

opportunity to file an amended complaint. Dkt. 16. Recinos filed an amended complaint,

largely repeating and expanding on her prior allegations, and seeking $3.25 million and a

monthly stipend to fund her pro se attorney work. Dkt. 17 at 2. Judge Pechman dismissed

the case with prejudice in August. Dkt. 22. After a wave of additional, nonsensical

filings—including, for example, a "REPORT Exempted Disclosure of LANDSLIDE by

Insurance Commissioner Mike Kreidler," Dkt. 38—Recinos ultimately and untimely

appealed to the Ninth Circuit in October. Dkt. 45. She sent the Court a letter asking it to

consolidate all 25 of her cases into one appeal against the discriminating Insurance

Commissioner. Dkt. 46.

14.     ***Recinos v. State of Washington, et al***., Cause No. 23-cv-5592 BHS, filed

July 1, 2023. Recinos sued the state, several federal judges, CPS, Commissioner Kreidler,

and others, seeking $3.25 million for "pain and suffering and all the pro se legal work

provided by the plaintiff fixing the State's legal anomalies." Dkt. 1-1 at 4. She also

complained again about her stolen inheritance and her disabilities. *Id*. at 5. Magistrate

Judge Leupold recommended the Court deny Recinos's application to proceed *in forma*

*pauperis* and dismiss the case without prejudice and without leave to amend, for failure

to state a plausible claim. Dkt. 3. This Court adopted the R&R and dismissed the case on

September 6. Dkts. 4 and 5. Recinos filed an untimely notice of appeal on October 19. Dkt. 6.

15.     ***Recinos v. Mormon Church et al***., Cause No. 23-cv-5601 RJB, filed July 7, 2023. Recinos alleged the Mormon Church violated her constitutional rights to life, liberty, and happiness by "stealing her birthright inheritance/religion/family." She again sought $3.25 million. Dkt. 1-1 at 5. Magistrate Judge Fricke ordered Recinos to show cause why the case should not be dismissed for failure to state a plausible claim, or to file an amended complaint. Dkt. 6. Recinos filed an amended complaint, which did not cure the deficiencies. Dkt. 7. Judge Fricke recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 8. Judge Bryan adopted the R&R and dismissed the case September 18. Dkts. 10 and 11. Recinos filed an untimely notice of appeal on November 16. Dkt. 12.

16.     ***Recinos v. Health Commissioner of Washington State, et al***., Cause No. 23-cv-5612 JHC, filed July 9, 2023. Recinos sued a variety of health care providers for $3.25 million, alleging they "excluded public disclosure to avoid liability of the actions taken that harmed plaintiff causing medical anomalies that could have killed her." Dkt. 1-1 at 4. She also sought criminal arraignment of the providers for attempted murder. *Id*. at 5. Recinos filed 15 motions between August 3 and August 7. Dkts. 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 23, 24, 25, 26 and 27. Judge John Chun dismissed the case without prejudice and with leave to amend on August 7. Recinos filed an amended complaint the same day, Dkt. 31. She also filed a supplement, Dkt. 32, two more amended complaints,

Dkts. 34 and 35, a notice of suspected criminal activity, Dkt. 33, and various other motions, notices, letters, and records. Dkts. 36, 37, 38, 41. On August 14, Judge Chun struck those filings, and permitted Recinos a final chance to file a complaint stating a plausible claim. Dkt. 42. Recinos did so the same day. Dkt. 43. She also filed that day an affidavit, Dkt. 44, a motion for default judgment, Dkt. 45, and an amended motion for default judgment, Dkt. 46. Judge Chun just as quickly dismissed the case without prejudice and without leave to amend, on August 14. Dkts. 47 and 48. Recinos filed another wave of post-judgment motions and documents, Dkts. 49, 50, 51, 52, 53, 54, and 55. On August 21, Judge Chun struck these filings as improper, and directed the clerk not to docket further filings in this closed case. Dkt. 56. Recinos filed 11 additional motions, reports, and notices, all of which were stricken. Recinos attempted to appeal to the Ninth Circuit on October 4. Dkt. 70. Her appeal was dismissed as untimely on October 28. Dkt. 75. Recinos attempted to appeal to the United States Supreme Court and attempted again to appeal to the Ninth Circuit. Dkts. 76, 77, 78, 80, 81, and 82. The Ninth Circuit issued its Mandate on November 20. Dkt. 83.

17.   ***Recinos v. Chase Bank and Mike Kreidler***, Cause No. 23-cv-5643 BHS, filed July 18, 2023. Recinos requested "$3.25 million USD for pain and suffering related to this oppression. CHASE BANK is EXEMPTING PUBLIC DISCLOSURE of an ILLEGAL LOAN placed into the plaintiff's credit card account without her knowledge or consent. LOAN AMOUNT IS HIDDEN AND THEREFORE UNKNOWN." She asserted that Kreidler "tried to place a secret loan on her property." She also complains that the Mormon Church intervened to "keep it all quiet." Dkt. 1-1 at 3–4. Magistrate

1    Judge Christel recommended the Court deny Recinos's application to proceed *in forma*

2    *pauperis* and dismiss the case without prejudice and without leave to amend, for failure

3    to state a plausible claim. Dkt. 7. Recinos filed two additional motions, Dkts. 8 and 9, but

4    did not object to the R&R until September 20, two weeks after it was adopted. Dkt. 12.

5    This Court adopted the R&R and dismissed the case on September 7. Dkts. 10 and 11.

6    Recinos filed an untimely Notice of Appeal on October 19. Dkt. 14.

7         18.    ***Recinos v. Employment Security Department and Maxim Healthcare***,

8    Cause No. 23-cv-5713 DGE, filed August 9, 2023. Recinos sought $3.25 million for

9    "fraudulent dealings and pretending I am employed at Maxim when they fired me in

10   October 2021, yet still not giving me unemployment." Dkt. 1-1 at 3. Magistrate Judge

11   Leupold recommended the Court deny Recinos's application to proceed *in forma*

12   *pauperis* and dismiss the case without prejudice and without leave to amend, for failure

13   to state a plausible claim. Dkt. 12. Recinos appealed to the Ninth Circuit on October 16.

14   Dkt. 16. Judge Estudillo adopted the R&R and dismissed the case for failure to state a

15   claim on October 17. Dkts. 14 and 15. The Ninth Circuit dismissed Recinos's appeal on

16   November 17. Dkt. 19.

17        19.    ***Recinos v. City of Tacoma, et al.,*** Cause No. 23-cv-5754 DGE, filed

18   August 22, 2023. Recinos sought *in forma pauperis* status to file a complaint asking the

19   City to ensure that her ex-husband, Juan Recinos, had no interest in property left to her by

20   her grandparents. She also sought the removal of a "sewer lien" on the property. Dkt. 1-1

21   at 3–4. Magistrate Judge Fricke recommended the Court deny *in forma pauperis* status

22   and dismiss the complaint without prejudice and without leave to amend, for failure to

state a plausible claim. Judge Estudillo adopted the R&R and dismissed the case on October 17. Dkts. 10 and 11. Recinos appealed the next day. Dkt. 12. Her seemingly unnecessary motion for an extension of time to file a notice of appeal is pending. Dkt. 14.

20.     ***Recinos v. Washington State Nursing Commission, et al.,*** Cause No. 23-cv-5762 DGE, filed August 24, 2023. Recinos sued the state Nursing Commission and various individuals for $3.25 million, for "stealing my lifetime career and happiness as a Registered Nurse." Dkt. 1-1 at 3. She apparently contends she lost her nursing credential in 2010. *Id*. at 4. On September 15, Magistrate Judge Christel recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 3. On October 16, Recinos appealed to the Ninth Circuit, Dkt. 7. On October 17, Judge Estudillo adopted the R&R and dismissed the case. Dkt. 5 and 6. The Ninth Circuit dismissed Recinos's appeal on November 17. Dkt. 10.

21.     ***Recinos v. City of Orting, et al.,*** Cause No. 23-5772 RJB, filed August 26, 2023. Recinos sought "$3.25 million USD in pain and suffering and SANCTIONS TO ALL WHO DID NOT RESPOND TO THESE EMERGENT ISSUES." Dkt. 1-1 at 3. The emergent issues apparently involve a natural gas leak and a problem with her septic system. She also asked that defendants "fix gas leaks septic plumbing and everything else that was hidden in documented home insurance inspections with the EXEMPTION OF PUBLIC DISCLOSURE." *Id*. at 4. Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 4. Judge

ORDER - 16

1    Bryan adopted the R&R and dismissed the case on October 12. Dkt. 6 and 7. Recinos

2    appealed to the Ninth Circuit four days later. Dkt. 8.

3        22.    ***Recinos v. Butte Homeowners Association, et al.,*** Cause No. 23-cv-5780

4    LK, filed August 29, 2023. Recinos sought "$3.25 million USD for procrastinating the

5    repair of major home damages creating worsening conditions for the entire community."

6    Dkt. 1-1 at 3. She alleged that various damage to her home required repairs, and

7    apparently contended that the Homeowners Association was responsible for the damages

8    or the repairs, or both. On September 15, Judge Lauren King ordered Recinos to show

9    cause why the Court had subject matter jurisdiction over the dispute. Recinos filed a

10   variety of documents, including a motion for summary judgment, but did not address the

11   Court's inquiry. Judge King dismissed the case without prejudice and without leave to

12   amend on September 20. Dkts. 21 and 22. Recinos appealed October 4. Dkt. 30.

13       23.    ***Recinos v. Kreidler, et al.***, Cause No. 23-cv-5791 DGE, filed September 2,

14   2023. Recinos asserted that she was injured while working for MultiCare but never

15   received L&I benefits. She sought $3.25 million. She also alleged that MultiCare

16   committed medical malpractice in treating her and her son. Dkt. 1-1 at 4–5. Magistrate

17   Judge Christel recommended the Court deny Recinos's application to proceed *in forma*

18   *pauperis* and dismiss the case without prejudice and without leave to amend, for failure

19   to state a plausible claim. Dkt. 4. On October 16, Recinos appealed. Dkt. 8. On October

20   17, Judge Estudillo adopted the R&R and dismissed the case. Dkts. 6 and 7. The Ninth

21   Circuit dismissed Recinos's appeal on November 20.

22

24.     ***Recinos v. Recinos, et al.***, Cause No. 23-cv-5792 DGE, filed September 2, 2023. Recinos again sued her ex-husband, alleging he violated her right to life when he attempted to murder[4] her in 2010. Dkt. 1-1 at 4. She asked the Court to send him to prison. She named, but did plead any facts supporting any claims against, additional defendants, including, again, Insurance Commissioner Kreidler. Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Judge Estudillo adopted the R&R and dismissed the case on October 3. Dkts. 4 and 5. Recinos appealed on October 18. Dkt. 6.

25.     ***Recinos v. Vision Quest Chiropractic, et al.***, Cause No. 23-cv-5852 BHS, filed September 20, 2023. Recinos sought $3.25 million from Vision Quest Chiropractic for violating her constitutional rights. Dkt. 4-1 at 4–5. She apparently disputes a lien on something, but she does not identify the lien, what it is attached to, or Vision Quest's connection to it. On October 16, before her applications to proceed *in forma pauperis*, Dkts. 1 and 4, were even decided, Recinos filed a Notice of Appeal. Dkt. 5. On October 23, Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 6. This Court adopted the R&R and dismissed the case on November 6. Dkts. 8 and 9. The Ninth Circuit dismissed Recinos's appeal on November 16. Dkt. 12.

---

[4] This allegation is apparently true.

ORDER - 18

***

Recinos has also filed eleven new, but sometimes repetitive and similarly frivolous cases, since October 15. The new cases (as of this writing) are:

- ***Recinos v. UPS Store #3502, et al***., Cause No. 23-cv-5948 BHS, filed October 15, 2023.

- ***Recinos v. St Joseph Medical Center, et al***., Cause No. 23-cv-6006 BHS, filed November 3, 2023.

- ***Recinos v. Moreau, et al***., Cause No. 23-cv-6019 BHS, filed November 8, 2023.

- ***Recinos v. Winship, et al***., Cause No. 23-cv-6020 BHS, filed November 8, 2023.

- ***Recinos v***. ***Discount Tire, et al***., Cause No. 23-cv-6033 BHS, filed November 10, 2023.

- ***Recinos v***. ***State of Washington***, Cause No. 23-cv-6060 BHS, filed November 20, 2023.

- ***Recinos v***. ***State of Washington, et al***., Cause No. 23-cv-6069 DGE, filed November 27, 2023.

- ***Recinos v. Perce County Risk Management, et al***., Cause No. 23-cv-6080 BHS, filed November 27, 2023.

- ***Recinos v***. ***State of Washington, et al***., Cause No. 23-cv-6081 DGE, filed November 27, 2023.

ORDER - 19

1        • ***Recinos v. Washington State, et al.***, Cause No. 23-cv-6086 DGE, filed

2          November 28, 2023.

3        • ***Recinos v. Dr. Gessell Orthodontics, et al.***, Cause No. 23-cv-6087 DGE, filed

4          November 28, 2023.

5       The procedural and substantive merit of each of these cases will be addressed in

6 separate orders. In the meantime, however, based on the volume of baseless filings

7 Recinos has already made in this Court over the past nine months, this Order is **NOTICE**

8 to Recinos of the Court's intention to enter an Order barring her from filing any

9 additional pro se cases in this District. Recinos may respond to this Order, and **SHOW**

10 **CAUSE** in writing why such a Bar Order should not be entered, within **21 days**.

## II.   DISCUSSION

12       District courts have the inherent power to enter pre-filing orders against vexatious

13 litigants under The All Writs Acts, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty*

14 *Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a),

15 enjoining litigants with abusive and lengthy histories is one such form of restriction that

16 the district court may take."). Although such orders should be used sparingly, "[f]lagrant

17 abuse of the judicial process cannot be tolerated because it enables one person to preempt

18 the use of judicial time that properly could be used to consider the meritorious claims of

19 other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

20       In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant

21 has received notice and a chance to be heard before the order is entered, (2) there is an

22 adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4)

1    the vexatious litigant order is "narrowly tailored to closely fit the specific vice

2    encountered." *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057.

3        The first two factors are procedural, while the "latter two factors . . . are

4    substantive considerations . . . [that] help the district court define who is, in fact, a

5    'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior

6    while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at

7    1058.

8    **A.    Notice and Opportunity to be Heard.**

9        The first factor requires that an individual has fair notice of the possibility that

10   they may be declared a vexatious litigant, and further, that they be given an opportunity

11   to oppose the order before it is entered. *Id*. at 1147, 1058. This does not require the court

12   to hold an in-person hearing, as "the opportunity to brief the issue fully satisfies due

13   process requirements." *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL

14   6020010, at *3 (N.D. Cal. Dec. 3, 2012) (quoting *Molski,* 500 F.3d at 1058); *see Gavin v.

15   City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12,

16   2016) (holding opportunity to file a written opposition satisfies first *De Long* factor;

17   collecting cases). This Order is notice to Recinos that the Court intends to enter a bar

18   Order, and it provides her an opportunity to submit a written response before a pre-filing

19   Order is potentially entered against her.

20   **B.    Adequate Record for Review.**

21       An adequate record for review should include a listing of all the cases and motions

22   that lead the district court to conclude that a vexatious litigant order is needed. *De Long*,

912 F.2d at 1147 (*citing Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)). At a minimum, the record should show that the litigant's activities are numerous or abusive. *De Long*, 912 F.2d at 1147.

The Court has described above each of Recinos's first 25 cases, their procedural history, and Recinos's relentless filing of improper, incomprehensible, and irrelevant motions and other documents, her failure to follow the Federal Rules of Civil Procedure, and her refusal or inability to comply with express court Orders. The Court has outlined the consistent dismissal of her meritless and repetitive complaints for failure to state a plausible claim. This Court will address the merits of each of Recinos's eleven newly-filed cases in each such case.

But even without addressing the merits of this new wave of cases, Recinos has already amply demonstrated that she is an abusive, harassing, vexatious litigant. She has filed ten new cases this month, many of which are asserted against a defendant she has sued before.

**C.    Frivolous or Harassing Filings.**

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Because this factor requires substantive consideration, courts look toward a separate set of considerations that provide a "helpful framework":

> (1) the litigant's history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in other words, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1058. These five substantive factors help determine whether a party is a vexatious litigant and, if so, the sanction that is required to stop the vexatious litigation. *Id.* (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). The final consideration— whether other remedies would be adequate to protect the courts and other parties—is particularly important. *Ringgold Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1062 (9th Cir. 2014).

Recinos's previous filings demonstrate that she is a vexatious litigant. First, Recinos has filed 36 actions in nine months, and every one that has been addressed substantively has been dismissed for failure to state a plausible claim. *See Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order against a plaintiff who had filed five similar actions over a period of ten years). Second, Recinos has identified no viable legal theory in support of any of her numerous claims, despite the massive volume of filings she has offered in support of her claims and grievances. Recinos has yet to articulate any plausible claim against anyone.

1    Recinos has sought to bring these claims (and her inevitable appeals of orders

2    dismissing them as lacking legal or factual merit) *in forma pauperis*, using the Court's

3    limited resources to air all her grievances against anyone. Recinos does not appear to

4    have ever served any defendant, so her filings have not wasted her opponents' time. But

5    the sheer volume of frivolous filings has placed a severely unreasonable burden on this

6    District. The third and fourth factors weigh heavily in favor of a bar order.

7    Finally, other sanctions, including monetary fines, would be overly punitive and

8    ineffectual. One consistent feature of all her claims is that Recinos has no assets. A fine

9    would not and could not dissuade Recinos from continued filings; she could not pay it in

10   any event. Her *in forma pauperis* applications and her other filings have shown that she

11   does not have the ability to pay for even one of these cases, or even one of her appeals.

12   Recinos has been filing an average of about three lawsuits a month. She files

13   something in at least one of her cases almost every single day. All her filings are

14   frivolous or fantastical, legally unsupportable, and without legal or factual merit as a

15   matter of law. None have even been served. Her filings, both the number of cases and the

16   absurd amount of motions and other submittals, have imposed a substantial and

17   unreasonable cost on this District. The Court cannot, and is not required to, continue to

18   entertain such nonsensical and unproductive filings.

19   **D.    Narrowly Tailored.**

20   The final factor requires that a pre-filing order be narrowly tailored to the

21   vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored

22   orders are needed 'to prevent infringement of the litigator's right of access to the

1  courts."' *De Long*, 912 F.2d at 1148 (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir.

2  1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood*

3  *v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the

4  injunction must describe in reasonable detail the act or acts sought to be restrained).

5          Recinos has brought three dozen facially meritless lawsuits in this District, this

6  year. The specific vice the Court seeks to address and remedy is the serial filing of

7  facially frivolous or fantastical lawsuits, and the even more burdensome filing of a

8  constant barrage of wholly improper, baseless motions and other papers, by a *pro se*

9  litigant.

10                          **ORDER TO SHOW CAUSE**

11          Based on these findings and a thorough review of the record, the Court **ORDERS**

12  Plaintiff Recinos to **SHOW CAUSE** in writing why the Court should not issue a Bar

13  Order finding Recinos to be vexatious litigant, and ending her ability to file additional

14  such cases pro se in this District. Such a Bar Order specifically would include the

15  following restrictions:

16      7)  Recinos is prohibited from filing any pro se civil action in the Western District of

17          Washington unless the complaint or petition is accompanied by an affidavit signed

18          under penalty of perjury attesting and demonstrating that the complaint contains

19          new allegations not previously litigated. Recinos may not proceed *in forma*

20          *pauperis* in civil action without a showing that she is in imminent danger of

21          serious bodily injury or death. Any proposed complaint or petition not

22

accompanied such an affidavit or a showing imminent danger will not be filed. This is true whether Recinos pays a filing fee, or not.

8) The Clerk will initially file any of Recinos's future *pro se* complaints and/or *in forma pauperis* applications in a miscellaneous case specifically designated for this purpose. The Clerk shall open a miscellaneous case, *In re Tiffany Recinos*, for this purpose, and shall file this Order in that new miscellaneous case. The Court will screen each proposed filing to determine whether it shall be filed.

9) The Clerk will not issue summonses in any *pro se* action Recinos attempts to file in this District without prior approval of the Court.

10) The Court may dismiss any future *pro se* complaint, and deny any motions for *in forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined above, or is otherwise without merit, without issuing an order to show cause or permitting Recinos to file an amended complaint.

11) This pre-filing screening will not apply to any filing made in this District where Recinos is represented by counsel. Any such complaint accompanied by a filing fee may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing that is facially frivolous.

The Clerk shall file this Notice of Intent to Enter a Bar Order in each of the 36 cases Recinos has filed in this District this year.

Plaintiff Recinos's Response to this Order is due **no later than 21 days** from the date of this Order and may not exceed 12 pages. She may file it in this case or any other, but she need not file it in each case. No motions, attachments, exhibits, statements, or

supporting documentation will be considered. If Recinos continues with the sorts of filings she has made so far, the Court will enter the Bar Order restricting her ability to file any pro se cases in this District. The failure to file a response will also result in the issuance of a Bar Order.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 27